# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyle Thomas Niebrugge, | No. CV 09-1011-PHX-MHM (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Bureau of Prisons, | |
| Respondent. | |

On May 12, 2009, Petitioner Kyle Thomas Niebrugge, who is confined in the Federal Correctional Institution-Phoenix in Phoenix, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 (Doc. #1) and an Application to Proceed *In Forma Pauperis*. In a May 22, 2009 Order, the Court denied the Application to Proceed and gave Petitioner 30 days to pay the filing fee.

On June 1, 2009, Petitioner paid the filing fee. On June 3, 2009, he filed a "Motion to Expedite Petition for Writ of Habeas Corpus due to Potential Liberty Interest and/or Miscarriage of Justice" (Doc. #5).

**I.      Lack of Personal Jurisdiction**

In his Petition, Petitioner names the Bureau of Prisons as the Respondent. "Where a prisoner files an action under section 2241, 'the prisoner must name the warden of the penitentiary where he is confined as a respondent.' '"Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.'" Johnson v.

1 | Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003) (internal citations omitted). Thus the Court
2 | lacks jurisdiction over this case and must dismiss the § 2241 Petition, without prejudice.

Because the Court must dismiss the § 2241 Petition, the Court will deny as moot Petitioner's Motion to Expedite resolution of his Petition.

## II. Leave to Amend

Within 30 days, Petitioner may submit an amended petition on the court-approved form. The Clerk of Court will mail Petitioner a court-approved form to use for filing a § 2241 Petition. If Petitioner fails to use the court-approved form, the Court may strike the amended petition and dismiss this action without further notice to Petitioner.

Petitioner's amended petition should clearly set out each claim Petitioner is making. If Petitioner can not fit all of his supporting facts or arguments in favor of a particular ground on the court-approved form, then he may **continue** on an attachment, but each matter on any attachment must be clearly referenced to a particular ground on the court-approved form. **Petitioner may not simply refer the Court to his "Memorandum of Points and Authorities," as he did in his original Petition.**

Petitioner is advised that the amended petition must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original petition by reference. Any amended petition submitted by Petitioner should be clearly designated as such on the face of the document.

An amended petition supersedes the original petition. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, grounds for relief alleged in an original petition that are not alleged in an amended petition are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

. . . .

. . . .

. . . .

1  **III. Warnings**

2      **A. Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B. Copies**

Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    **C. Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED**:

(1) Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **dismissed with leave to amend**. Petitioner has **30 days** from the date of filing of this Order to file an amended petition in compliance with this Order.

(2) Petitioner's Motion to Expedite (Doc. #5) is **denied as moot**.

(3) If Petitioner fails to file an amended petition within 30 days, the Clerk of Court must enter a judgment of dismissal of this § 2241 action, without prejudice and without further notice to Petitioner.

. . . .

. . . .

. . . .

. . . .

. . . .

1    (4) The Clerk of Court must mail Petitioner the current court-approved form for
2 filing a "Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In
3 Federal Custody."

4    DATED this 16th day of July, 2009.

_____
Mary H. Murguia
United States District Judge